UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Andre Levesque</u>

    **v.**                                                Case No. 11-cv-42-PB
                                                        Opinion No. 2011 DNH 058 C

<u>State of New Hampshire</u>

**<u>MEMORANDUM AND ORDER</u>**

Andre Levesque has filed a petition for a writ of habeas corpus alleging that he is presently being held in custody in violation of his federal constitutional rights. The matter is before the court for an initial review to determine whether the petition is facially sufficient to proceed. <u>See</u> Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") Rule 4.

I.   <u>STANDARD OF REVEIW</u>

In conducting the preliminary review required by § 2254 Rule 4, the court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v. Pardus,</u> 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se

party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1949.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id. (citation omitted); see also Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 28 (1st Cir. 2010) ("The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."). The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Bell Atl. Corp., 550 U.S. at 556. Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 129 S. Ct. at 1950 (citation omitted).

## II. BACKGROUND

Andre Levesque was arrested and charged with criminal threatening on July 22, 2009. Levesque has been in custody since that date. Levesque received a second criminal threatening charge in December 2009. Levesque was found not competent to stand trial on the criminal threatening charges, but was found to be restorable to competency with medication.

Levesque was thereafter held at the New Hampshire State Prison for Men ("NHSP") in the Secure Psychiatric Unit ("SPU"). Levesque also states that he spent some of his time at the NHSP in "the hole."

Levesque states that between December 8, 2009 and March 22, 2010, no effort was made to restore him to competency. Instead, Levesque was subjected to guardianship proceedings in the state probate court.[1] Levesque states that at those proceedings, the state illegally obtained and used his medical records from Vermont to secure his civil commitment and subjection to guardianship. After the hearing, Levesque was "condemnated to a lifetime of servitude to poisonous pills for profit," which the court understands to mean that he was forced to take psychiatric medication.

After the probate court proceedings, Levesque was returned to SPU on March 22, 2010. After seven months, Levesque was transferred to New Hampshire Hospital ("NHH"). Shortly thereafter, Levesque escaped from NHH in an effort to go on vacation in Florida. On December 9, 2010, Levesque was returned to SPU. On December 16, 2010, Levesque was again placed at NHH,

---

[1] Based on information submitted in a lawsuit brought by Levesque and presently pending before the court, see Levesque v New Hampshire, Civ. No. 09-cv-437-JL (doc. no. 56), the court is aware that the Office of the Public Guardian was appointed as Levesque's guardian for purposes of, among other things, medical decision-making. Levesque has appealed the guardianship order.

then returned to SPU on December 21, 2010.  At the time he filed this action, Levesque expected to be returned to NHH in early February 2011.

Levesque states he has been charged criminally with escaping from the custody of NHH.[2]  Levesque asserts that, except during his escape attempt, he has been continually incarcerated since July 2009 and is concerned that his incarceration will continue indefinitely.  Levesque states that he has been denied a fair and speedy trial, presumably by virtue of the delays attributable to the competency proceedings in the state courts and the probate court proceedings.

Levesque's complaint also asserts a number of complaints regarding the conditions of his confinement.  These complaints include: inappropriately housing him in "the hole" at the NHSP, the failure of NHH to provide him with free postage for his legal mail, the inability to make collect calls to his attorney from the NHSP in 2009, and general assertions of discrimination and harassment.

---

[2] The petition is not clear as to the present status of the criminal escape charge, and it is not clear whether or not Levesque is being detained pursuant to the criminal charge. Because it does not impact the result reached here, the court presumes, for purposes of conducting this preliminary review, that Levesque's custody is pursuant to both the civil commitment order and the criminal escape charge.

### III. ANALYSIS

**I. Habeas Claims**

Levesque's petition fails to make entirely clear his intended bases for relief. Construing the petition liberally, however, the court finds that Levesque seeks relief for the following claims:

A. Significant delays in the resolution of his criminal cases, attributable to the competency proceeding and probate court litigation, have violated Levesque's Sixth Amendment right to speedy and fair trials in those cases; and

B. Levesque's civil commitment was obtained in violation of his Fifth Amendment privacy right to confidentiality in his medical records.[3]

**II. Custody**

To petition a federal court for habeas corpus relief from a state court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States." See Garlotte v. Fordice, 515 U.S. 39, 40 (1995) (citing

---

[3] The claims as identified herein will be considered to be the habeas claims raised in Levesque's petition for all purposes. If Levesque disagrees with this identification of his claims, he must do so by properly asking this court to reconsider this order and properly moving to amend the petition to identify the claims he seeks to raise.

6

28 U.S.C. § 2254(a)). Levesque states that he is being confined by a bail detention order, and/or a committal order issued by the probate court, pending resolution of his criminal charges.

"[F]ederal habeas corpus review may be available to challenge the legality of a state court order of civil commitment." Duncan v. Walker, 533 U.S. 167, 176 (2001). Further, while pretrial habeas relief is not generally available, pretrial habeas actions claiming a violation of petitioner's speedy trial right have been permitted where petitioner seeks an immediate trial rather than dismissal of the charges against him. See In re Justices of the Super. Ct. Dep't of the Mass. Trial Ct., 218 F.3d 11, 17 n.5 (1st Cir. 2000) (citing Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 490-93 (1973)).

Levesque challenges his custody both pursuant to his civil commitment, and his pretrial detention on speedy trial and fair trial grounds. Accordingly, the court finds that Levesque has alleged sufficient facts, at this stage of the proceedings, to assert that he is in custody pursuant to a state court judgment for purposes of § 2254(a).

### III. **Exhaustion**

To be eligible for habeas relief, Levesque must show that, for all of the claims raised, he has either exhausted all of his

state court remedies or he is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  See 28 U.S.C. § 2254(a) & (b); Harrington v. Richter, 131 S. Ct. 770, 787 (2011); Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010).  "A habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).  A petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme Court has had an opportunity to rule on the claims.

> In order to exhaust a claim, the petitioner must present the federal claim fairly and recognizably to the state courts, meaning that he must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.

Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotation marks and citation omitted); Picard v. Connor, 404 U.S. 270, 277-78 (1971) (to satisfy exhaustion requirement petitioner must have fairly presented the substance of his federal claim to the state courts).  The purpose of a "fair presentation" requirement is to "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Anderson v.

Harless, 459 U.S. 4, 6 (1982) (quoting Picard, 404 U.S. at 276-77). A habeas petitioner may fairly present a claim by doing any of the following: "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'" Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

Levesque has not asserted any facts indicating that he has begun, much less completed, the process of exhausting his habeas claims in the state courts. Because Levesque's assertions include very recent events, the court finds that it is unlikely that Levesque would have been able to fully litigate his claims in the state courts, including the New Hampshire Supreme Court, prior to filing this petition. Accordingly, the petition is dismissed without prejudice to refiling upon exhaustion of the habeas claims therein.

**IV.  Conditions of Confinement**

A civil rights action is the proper means to challenge the conditions of confinement, see White v. Gittens, 121 F.3d 803, 807 n.3 (1st Cir. 1997), whereas a federal habeas petition is the appropriate means to challenge the actual fact or duration

9

of confinement.  See Heck v. Humphrey, 512 U.S. 477, 481 (1994).  Although this petition was filed seeking habeas corpus relief, Levesque has challenged certain conditions of his confinement, in addition to his habeas claims.

Habeas corpus relief is not available for Levesque's challenges to the legality of the conditions of his confinement as those challenges are unrelated to the fact or length of Levesque's custody.  See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriquez, 411 U.S. 475, 489-99 (1973).  Accordingly, Levesque's claims challenging the conditions of his confinement at the NHSP and NHH are appropriately considered as civil rights claims under 42 U.S.C. § 1983 and are dismissed from this action.

**V.   Change of Address**

As of the date of this Order, the docket in this case shows Levesque's address is at SPU.  In Levesque's civil rights case pending in this court, Levesque v. New Hampshire, 09-cv-437-JL, Levesque filed a notice of change of address (Doc. No. 93) on February 3, 2011, with an NHH address.[4]  The Clerk's office is

---

[4]The address provided to the court is:
   Andre R. Levesque
   7455
   New Hampshire Hospital
   APS Bldg. Unit D
   36 Clinton St.
   Concord, NH 03301

directed to update the docket in this action to reflect the NHH address, and to send copies of this order to petitioner at both addresses.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition is dismissed in its entirety, and the clerk's office shall update Levesque's contact information and mail a copy of this order to the SPU and NHH addresses listed for Levesque in this case and in <u>Levesque v. New Hampshire</u>, Civ. No. 09-cv-437-JL.

**SO ORDERED.**

<u>/s/Paul Barbadoro</u><br>
Paul Barbadoro<br>
United States District Judge

April 11, 2011

cc: Andre R. Levesque, pro se